█ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for Arverne II, Stage II, Urban Renewal Project, in the Borough of Queens. DEN ROBERT REALTY CO., INC. , et al., Appellants.—In a condemnation proceeding, (1) claimants appeal from so much of an order of the Supreme Court, Queens County, dated March 4, 1975, as denied the branch of their motion which sought statutory costs and (2) claimant Herskovits also appeals from so much of the said order as denied the branch of the motion which sought a statutory increased allowance or, alternatively, damages for the condemnor's alleged breach of contract. Order affirmed, without costs or disbursements. Property owners appearing in condemnation proceedings in the City of New York are not entitled to recover "counsel fees, costs, disbursements or allowances" (Administrative Code of City of New York, § B15-27.0, subd c). Martuscello, Acting P. J., Latham, Cohalan, Rabin and Titone, JJ., concur.

█ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for Arverne II, Stage II, Urban Renewal Project, in the Borough of Queens. DEN ROBERT REALTY CO., INC. et al., Appellants.—In a condemnation proceeding, the claimants appeal from an order of the Supreme Court, Queens County, dated June 17, 1975, which denied their motion to compute interest on the awards in their favor at 9% per year instead of at the statutory rate of 6% per year (cf. General Municipal Law, § 3-a, subd 2). Order affirmed, without costs or disbursements. In our opinion, claimants' evidence did not overcome the presump-

tive validity of the statutory rate (see *Matter of County of Nassau [Mill Neck Conservation]*, 51 AD2d 722 and the cases cited therein). Martuscello, Acting P. J., Latham, Cohalan, Rabin and Titone, JJ., concur.